## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA**,

**Plaintiff,**

**v.**

**JAYME L. BARNES,**

**Defendant.**                                        **No. 14-CR-30214-DRH**

### <u>MEMORANDUM and ORDER</u>

**HERNDON, District Judge:**

Now before the Court is a letter from Barnes which the Court construes as a motion to amend her guideline calculation (Doc. 225).   Barnes asks the Court to amend her guideline sentence as she "was not a major/leadership role. I'm requesting that the courts [sic] consider me for a minor role reduction of one, two or three levels – based on my level in the criminal activity."   Based on the following, the Court dismisses for want of jurisdiction her motion.

On September 11, 2015, the Court sentenced Barnes to 60 months, the minimum mandatory, by way of departure, on Counts 1 through 9, all to run concurrently.   The Court notes that her guideline range was 87 – 108 months. Thereafter on March 22, 2016, the Court granted the government's motion resulting in a further reduction of her sentence (Doc. 217).

Once a district court enters final judgment it lacks jurisdiction to continue to hear related issues, except to the extent authorized by statute or rule. *See Carlisle v. United States*, 517 U.S. 416 (1996). The following post-judgment motions are allowed if timely filed. Under Federal Rule of Criminal Procedure 35, revision is proper only within 14 days, unless the prosecutor files an appropriate motion or the court of appeals remands. Further, a Rule 33 motion for new trial based on new evidence must be brought within 3 years after the verdict or finding of guilty and a Rule 33 motion for new trial based on other grounds must be brought within 14 days after the verdict or finding of guilty.  Lastly, a collateral attack, under 28 U.S.C. ' 2255, which has a 1 year statute of limitations.

Here, Barnes does not cite any case law or statute that would allow the Court to consider her motion.  It appears that Barnes may be requesting a reduction pursuant to Amendment 794.  However, Amendment 794 is not applicable to persons already sentenced.  Sentencing courts utilize the Guideline manuals in effect on the date the defendant is sentenced.  U.S.S.G § 1B1.11.  The applicable policy statements provide that a reduction is authorized only when a *retroactively applicable* Guideline amendment has "the effect of lowering the defendant's applicable guideline range."  U.S.S.G § 1B1.10(a)(2)(B).  Section 1B1.10 lists all Guideline Amendments that the Sentencing commission has made retroactively applicable to defendants on collateral review, rather than direct appeal, and Amendment 794 is not listed in § 1B1.10 as retroactively applicable.  Because

Amendment 794 is not retroactively applicable, Barnes is not entitled to relief and her motion must be denied.

Moreover, Rule 35 is inapplicable because this motion is brought over a year *after* the sentencing (September 11, 2015) and it does not appear to be brought to correct the sentence arithmetical, technical or other clear error.   Likewise, Rule 33 does not apply because the motion does not appear to be brought on newly discovered evidence and it was not filed within 14 days of the finding of guilty to be timely to be brought based on other reasons. Therefore, the only other possible procedural avenue that Barnes could bring this motion is a Section 2255 collateral attack.  *See Romandine v. United States*, 206 F.3d 731 (7th Cir. 2000). After reviewing the pleadings, it is not clear to the Court that Barnes intends to pursue a collateral attack. The Court finds that Barnes' motion does not fall under any of the exceptions authorized by statute or rule.   Thus, the Court lacks jurisdiction to entertain the motion.

Accordingly, the Court **DISMISSES for want of jurisdiction** Barnes' motion to amend guideline calculation (Doc. 225).

**IT IS SO ORDERED.**

Signed this 22nd day of December, 2016.

Judge Herndon
2016.12.22
11:15:53 -06'00'

**United States District Judge**